**IN THE COURT OF APPEALS OF IOWA**

No. 17-0316
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEMERIAL LOVE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.


        Jemerial Love appeals from her conviction by written guilty plea for theft in

the third degree.  **AFFIRMED.**



        Merrill C. Swartz of Swartz Law Firm, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.



        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Jemerial Love appeals from her conviction by written guilty plea for theft in the third degree, in violation of Iowa Code sections 714.1 and .2(3) (2016). Love was alleged to have stolen items not exceeding $500 in value. Thus, to establish Love committed third-degree theft under section 714.2(3),[1] the State was required to show Love had "before been twice convicted of theft." Love's written guilty plea and the court's February 3, 2017 order accepting the plea do not include acknowledgment of Love's prior theft convictions. Love contends because the plea did not provide a factual basis[2] for the offense, it was not made intelligently or voluntarily, and defense counsel rendered ineffective assistance by failing to file a motion in arrest of judgment to contest the plea. We affirm.

Our review of this ineffective-assistance-of-counsel claim is de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To establish defense counsel rendered ineffective assistance, Love must show by a preponderance of the evidence both that defense counsel failed to perform an essential duty and the failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Although Love did not file a motion in arrest of judgment, she may challenge the entry of the guilty plea "under the rubric of ineffective assistance of

---

[1] Section 714.2(3) provides alternative means of theft in the third degree: "The theft of property exceeding five hundred dollars but not exceeding one thousand dollars in value, *or* the theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft, is theft in the third degree." (Emphasis added.)

[2] Iowa Rule of Criminal Procedure 2.8(2)(b) provides before the court accepts a guilty plea, it must determine "that the plea is made voluntarily and intelligently and has a factual basis." The court must also determine the defendant understands "[t]he nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1).

counsel, which would require [her], among other things, to demonstrate 'a reasonable probability that, but for counsel's errors [she] would not have pleaded guilty and would have insisted on going to trial.'" *State v. Fisher*, 877 N.W.2d 676, 682 n.3 (Iowa 2016) (quoting *Straw*, 709 N.W.2d at 138).

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *Finney*, 834 N.W.2d at 54. "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Id.* at 62. The entire record includes the minutes of testimony. *Id.*

Here, neither the guilty plea nor the court's order accepting the plea acknowledged the existence of at least two previous theft convictions—a required element of third-degree theft under section 714.2(3) here. Love maintains, therefore, that the plea was entered without a sufficient factual basis, in violation of rule 2.8(2)(b).

However, the minutes of testimony clearly reflect Love has nine previous theft convictions occurring from 2006 to 2014. Additionally, at the sentencing hearing, Love acknowledged her lengthy criminal history. As such, we find there is a factual basis supporting Love's guilty plea for third-degree theft premised upon at least two prior convictions of theft.

Love also asserts she "did not voluntarily and intelligently admit to: (1) prior theft convictions; (2) being represented by counsel at the prior theft convictions; [and] (3) a factual basis exists to support the admission to the prior convictions." To the extent Love is claiming that her plea was not voluntarily and

intelligently entered, we view this contention as a claim the plea was not voluntary and intelligent as is constitutionally required. *See id.* at 54-55 (stating the United States Supreme Court's "caselaw recognizes two distinct strands of constitutional analysis related to guilty pleas": claims "rooted in the right to effective assistance of counsel under the Sixth Amendment," and claims "based on the Due Process Clauses of the Fifth and Fourteenth Amendments requir[ing] the trial court to determine the defendant made a knowing and intelligent choice" to plead guilty to the underlying crime). However, Love failed to separately identify this claim as an issue. *See* Iowa R. App. P. 6.903(2)(g) ("The argument section shall be structured so that each issue raised on appeal is addressed in a separately numbered division.").

To the extent Love is contending counsel was ineffective in permitting Love to enter a plea involuntarily or unintelligently, the record is not adequate to address this claim. As observed in *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015):

> When a defendant seeks to have an ineffective-assistance claim resolved on direct appeal, the defendant must establish that the record is adequate to allow the appellate court to determine the issue. If the record is inadequate on appeal, the issue must be addressed in an action for postconviction relief.

"Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *Straw*, 709 N.W.2d at 133. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008) (citation omitted).

We find Love's guilty plea substantially complied with the requirements of rule 2.8(2), and defense counsel did not render ineffective assistance in failing to

challenge the entry of the plea by filing a motion in arrest of judgment with respect to the prior convictions.[3]  Any claim the plea was not voluntarily and intelligently entered must be addressed in postconviction-relief proceedings.  We therefore affirm.

**AFFIRMED.**

---

[3] We note Love also contends that the guilty plea is insufficient in this matter under *State v. Harrington*, 893 N.W.2d 36, 45 (Iowa 2017), in which our supreme court stated the requirements for admitting prior convictions in a habitual-offender proceeding.  We do not find persuasive Love's argument that the guilty plea must include Love's admission she was represented or waived representation during the previous convictions.  In *Harrington*, the court included this requirement specifically with respect to habitual-offender proceedings because Iowa Rule of Criminal Procedure 2.19(9) requires the offender to have an opportunity "to affirm or deny . . . that the offender was not represented by counsel and did not waive counsel."  We note rule 2.19(9) applies "[a]fter conviction of the primary or current offense."  Love cites no case law calling for application of this requirement to cases where previous convictions must be shown as an element of the crime, and we decline to impose the requirement.  *See* Iowa R. App. P. 6.903(2)(g)(3).  We also note nothing in the record indicates Love's previous theft convictions were improper.